# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DARLA FERGUSON**  **PLAINTIFF**
**ADC #718912**

V.                    NO. 3:24-cv-235-BSM-ERE

**NURZUHAL FAUST,** *et al.*                    **DEFENDANTS**

## ORDER

*Pro se* plaintiff Darla Ferguson, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2.* Ms. Ferguson's original complaint alleged that ADC and medical officials have failed to adequately address her medical needs. She sued Warden Nursuhal Faust, Director Dexter Payne, APN Jaime Campbell, and Program Specialist Patricia Secord in both their official and individual capacities seeking monetary damages.

Because Ms. Ferguson's original complaint failed to state a medical deliberate indifference claim against each named Defendant, the Court postponed the screening process[1] to give Ms. Ferguson the opportunity to file an amended complaint

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

clarifying her constitutional claims and correcting the deficiencies in her original complaint. *Doc. 5*. Ms. Ferguson has now filed an amended complaint. *Doc. 6*. Because Ms. Ferguson's amended complaint is also deficient, the Court will provide her a final opportunity to file an amended complaint clarifying her constitutional claim and correcting the deficiencies in her amended complaint.

II.     **Problems with Amended Complaint**

    A.     **Personal Involvement**

In her amended complaint, Ms. Ferguson names Deputy Director Aundrea Culclager, Medical Svcs Manager Billy Cowell, Sergeant Chris Tribble, and Nurse Bennett as Defendants. However, Ms. Ferguson's amended complaint again fails to allege facts to show how each named Defendant personally participated in unconstitutional conduct or were directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Ms. Ferguson's complaint fails to state a plausible constitutional claim against each Defendant.

    B.     **Medical Deliberate Indifference**

To state a plausible medical deliberate indifference claim against any individual Defendant, Ms. Ferguson must allege facts that, if taken as true, support

2

a reasonable inference that: (1) Ms. Ferguson had "objectively serious medical needs"; and (2) each individual Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).

Ms. Ferguson's amended complaint again alleges no facts to show: (1) how each individual Defendant was aware of Ms. Ferguson's need for medical treatment; or (2) what each individual Defendant did or failed to do that allegedly denied her constitutionally adequate medical care. Thus, Ms. Ferguson's proposed medical deliberate indifference claim, as described in her current complaint, cannot survive screening.

### B.   Additional Party Plaintiffs

In her amended complaint, Ms. Ferguson also lists additional individuals as party plaintiffs. However, "[a] prisoner cannot bring claims on behalf of other prisoners" and, instead, may proceed only on the alleged constitutional violations that she personally experienced and the harm that she personally suffered. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   Guidelines for Filing Amended Complaint

Ms. Ferguson again has thirty days to file a second amended complaint. If Ms. Ferguson files a second amended complaint, she should: (1) identify and name as Defendants the individuals who allegedly violated her constitutional rights; (2)

explain how each Defendant personally violated her constitutional rights; and (3) describe how she was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Ms. Ferguson's second amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). **So, Ms. Ferguson should make sure that her amended complaint includes all allegations relevant to the claim(s) she wants to pursue in this lawsuit.** Also, Ms. Ferguson should not rely upon, or incorporate by reference, any allegations made in her original complaint. In other words, Ms. Ferguson's amended complaint, if filed, will stand alone.

Finally, in her second amended complaint, Ms. Ferguson need only include a "short and plain statement" showing that she is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that she may rely on later to prove her claim.

## IV. Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Ms. Ferguson may file a second amended complaint within thirty (30) days of the entry of this Order.

2. If Ms. Ferguson fails to file a second amended complaint, the Court will screen her amended complaint, which is likely to result in the dismissal of Ms. Ferguson's claims.

3. The Clerk is instructed to provide Ms. Ferguson a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 21 January 2025.

_____
UNITED STATES MAGISTRATE JUDGE