# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DARLA FERGUSON**                                                   **PLAINTIFF**
**ADC #718192**

V.                     **NO. 3:24-cv-235-BSM-ERE**

**NURZUHAL FAUST**, *et al.*                                   **DEFENDANTS**

## ORDER

Defendants Billy Cowell and Tracy Bennett[1] ("Medical Defendants") have filed a motion for summary judgment, a brief in support, and a statement of undisputed facts arguing that Ms. Ferguson failed to exhaust her administrative remedies against them before filing this lawsuit. *Docs. 25, 26, 27*. *Pro se* plaintiff Darla Ferguson has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that Ms. Ferguson's response should include her legal arguments, as well as affidavits,[2]

---

[1] The Clerk is instructed to update the docket sheet to reflect Defendant Bennett's full name – Tracy Bennett. *Doc. 21*.

[2] Any affidavit submitted must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746, by including the following statement before the date and signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

prison records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

In addition, pursuant to Local Rule 56.1,[3] Ms. Ferguson must separately file a "separate, short and concise statement of the material facts as to which [she] contends there is no genuine dispute to be tried." Ms. Ferguson's statement of disputed facts must state whether she "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Medical Defendants' statement of undisputed facts. *Doc. 27*. If Ms. Ferguson disagrees with any of the facts in Medical Defendants' statement of undisputed facts, she must: (1) identify each numbered paragraph that contains the facts she disputes; (2) for each paragraph, explain why she disputes those facts; and (3) include a citation to the evidence she is relying on to support her version of the disputed fact.

If Ms. Ferguson relies on documents that have been previously filed in the record, she must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Ms. Ferguson's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

---

[3] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Medical Defendants' motion for summary judgment concerns only whether Ms. Ferguson fully and properly exhausted the grievance process with regard to her pending claims against them *before* filing this lawsuit. Therefore, Ms. Ferguson's response to the motion should focus on that issue.

IT IS THEREFORE ORDERED THAT:

1. Ms. Ferguson has until **June 20, 2025**, to file: (1) a response to Medical Defendants' motion for summary judgment on the issue of exhaustion; and (2) a separate statement of disputed facts. As to any filing, Ms. Ferguson should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2. Ms. Ferguson is advised that the failure to timely and properly file a response and statement of disputed facts may result in: (1) all of the facts in Medical Defendants' statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of Ms. Ferguson's claims, without prejudice, pursuant to Local Rule 5.5(c)(2).

SO ORDERED 3 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE