IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DARLA FERGUSON**                                                       **PLAINTIFF**
**ADC #718192**

**V.**                           **NO. 3:24-cv-235-BSM-ERE**

**NURZUHAL FAUST,** *et al.*                                   **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

*Pro se* plaintiff Darla Ferguson, an Arkansas Division of Correction ("ADC") inmate, filed a complaint and amended complaint under 42 U.S.C. § 1983. *Docs. 2, 6.*

In her original complaint, Ms. Ferguson alleged that ADC officials and medical personnel failed to provide her adequate medical treatment and refused to

provide her medication to treat acne, headaches, and hemorrhoids. She sued Warden Nursuhal Faust, Director Dexter Payne, APN Jaime Campbell, and Program Specialist Patricia Secord, in their official and individual capacities, seeking monetary damages.

On January 6, 2025, I entered an Order detailing the problems with Ms. Ferguson's complaint and postponing the screening process to give Ms. Ferguson the opportunity to file an amended complaint clarifying her constitutional claims and correcting her pleading deficiencies. *Doc. 5*. On January 16, 2025, Ms. Ferguson filed an amended complaint, again complaining that ADC officials and medical personnel failed to address her medical needs but naming different Defendants: Deputy Director Aundrea F. Culclager, Medical Services Manager Billy Cowell, Sergeant Chris Tribble, and Nurse Tracy Bennett. *Doc. 6*. I entered a second Order detailing the problems in Ms. Ferguson's amended complaint and again postponed the screening process to give Ms. Ferguson a final opportunity to file a second amended complaint. *Doc. 9*.

Ms. Ferguson elected not to file a second amended complaint, so I screened her previously filed complaints. Reading the original and amended complaints together, I determined that Ms. Ferguson had arguably stated medical deliberate

indifference claims against Defendants Culclager, Cowell, Tribble, and Bennett.[1] *Doc. 14*.

Defendants Cowell and Bennett (collectively, "Medical Defendants") have now moved for summary judgment arguing that Ms. Ferguson failed to fully exhaust her administrative remedies regarding her claims against them before filing this lawsuit. *Docs. 25, 26, 27*. Ms. Ferguson has not responded to the motion and the time for doing so has passed. *Doc. 28*. The motion is now ripe for review.

For the reasons stated below, Medical Defendants' motion for summary judgment should be granted.

**III.   Discussion:**

    **A.   The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing

---

[1] The Court has dismissed Mr. Ferguson's claims against Nurzuhal Faust, Dexter Payne, Jaime Campbell, Patricia Second, Aundrea F. Culclager, and Chris Tribble. *Docs. 14, 31*.

so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Ms. Ferguson to satisfy the ADC's requirements for raising and exhausting the claims she is asserting in this lawsuit before bringing this action.[2]

### B. The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 27-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate

---

[2]There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

4

ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejection of an appeal. *Id. at 13*.

Thus, to properly exhaust her administrative remedies with respect to her claims against Medical Defendants, Ms. Ferguson was required to present her claims in a timely filed grievance and appeal it through all three steps of the ADC's grievance process. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

**C.   Ms. Ferguson's Grievance History**

Medical Defendants submit the declaration of Medical Grievance Supervisor Brandy Johnson. *Doc. 27-1*. Ms. Johnson states that she reviewed Ms. Ferguson's grievance records and found one grievance regarding the claims raised in this lawsuit, MCP-24-992. *Id. at 1*. Ms. Johnson explains that, although Ms. Ferguson fully exhausted the claims raised in this grievance, she did not identify either Medical Defendant by name in grievance MCP-24-992. *Id. at 2*. As a result, Medical

Defendants argue that Ms. Ferguson failed to fully exhaust her claims against the Medical Defendants. I agree.

On November 5, 2024, Ms. Ferguson submitted grievance MCP 24-992. *Doc. 27-1 at 5*. In that grievance, Ms. Ferguson specifically complained that, although she has had "3 appointments with LPN's in medical and 1 appointment with the APN regarding facial acne, headaches & migraines pain, and bleeding hemorrhoids," those medical staff members failed to provide her medication. *Id*. Later in her grievance, Ms. Ferguson identifies those medical staff members as APN Jaime Campbell, Nurse Scudder, and LPN Corvin.

On November 6, 2024, Defendant Tribble responded to Ms. Ferguson's grievance by stating, "[p]roviders are independent and make decisions based on their clinical judgment. It is charted that treatment for your acne is not clinically indicated at this time." *Id*. On December 3, 2024, Defendant Cowell issued his health service's response to grievance MCP-24-992 finding Ms. Ferguson's grievance without merit. *Doc. 27-1 at 4*.

It is undisputed that the Medical Defendants Mr. Ferguson has sued in this case were not referenced by name or title in grievance MCP-24-992. Nor were they referenced in any grievance decision. As a result, although Ms. Ferguson fully exhausted the claims raised in this grievance, by doing so, she did not fully exhaust any claims raised against Medical Defendants.

On this record, there is no genuine issue of material fact on the threshold question of whether Ms. Ferguson fully exhausted her claims against Medical Defendants by asserting them to the final levels of the ADC's grievance process *before* bringing this lawsuit. As a result, Medical Defendants are entitled to judgment as a matter of law.

## IV.  Conclusion:

IT IS THEREFORE RECOMMEDED THAT:

1. Medical Defendants' motion for summary judgment (*Doc. 25*) be GRANTED.

2. Ms. Ferguson's claims against Medical Defendants be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

3. The Clerk be instructed to close this case.

DATED 25 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE